*United States v. Barro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand sixteen.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                   15-2468

SHERMAN BARRO,

*Defendant-Appellant.*

_____

FOR APPELLANT:          ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:          PATRICK T. HEIN, Assistant United States Attorney (Jo Ann M. Navikas, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*; Pollack, *J.*; Korman, *J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Sherman Barro appeals from a judgment entered on July 22, 2015, in the United States District Court for the Eastern District of New York (Korman, *J.*), convicting him, after a jury trial, of importing cocaine into the United States, in violation of 21 U.S.C. § 952(a), and of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1] Judge Garaufis presided over the Speedy Trial Act motion, Judge Pollack presided over *voir dire*, and Judge Korman presided over the trial and sentencing.

"The determination of whether to dismiss an indictment with or without prejudice is committed to the discretion of the district court." *United States v. Bert*, 814 F.3d 70, 77 (2d Cir. 2016) (alterations and internal quotation marks omitted). Factors considered in this determination are (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice, and (4) prejudice to the defendant. 18 U.S.C. § 3162(a)(2). "Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Bert*, 814 F.3d at 79 (alterations and internal quotation marks omitted). The seriousness of the delay, however, is "not a standalone factor," but rather "a component of both the 'facts and circumstances' factor and the 'prejudice' factor." *Id.* at 79–80 (footnote omitted).

Barro argues that the District Court erred in dismissing the indictment against him without prejudice for a violation of the Speedy Trial Act. Barro's challenge must fail. The District Court thoroughly addressed each of the factors set forth in § 3162, as supplemented by Supreme Court and Second Circuit precedent. The District Court concluded that the seriousness of the offense

3

alleged against Barro was high, reprosecution would serve the interests of justice and not unfairly prejudice the defendant, and that the appropriate remedy was accordingly to dismiss the indictment without prejudice and allow the government to re-file.  We perceive no error that would warrant disturbing the District Court's careful analysis.  *See id.* at 79 ("We will not lightly disturb 'the district court's judgment of how opposing considerations balance,' as long as all 'the statutory factors are properly considered, and supporting factual findings are not clearly in error.'" (quoting *United States v. Taylor*, 487 U.S. 326, 337 (1988))).  Nor does this Court's decision in *Bert*, issued after the District Court's decision in the present case, compel a different result.

Barro also contends that the Government's peremptory challenge of a black potential juror with ties to Jamaica was unconstitutionally discriminatory under the rule of *Batson v. Kentucky*, 476 U.S. 79 (1986).  At trial, Barro objected to the challenge as based on race, citing the Government's strikes of two other black female venire members as part of a pattern.  The Government asserted racially-neutral bases for the other two strikes, which the District Court accepted, and argued that the challenge now in question was based not on race, but on the fact that, in a case alleging importation of narcotics from Jamaica and a defense that

4

the drugs had been planted in the defendant's suitcase, it was concerned that the juror had "connections to Jamaica," including that "[h]er two kids live in Jamaica."  App. 106.  Defense counsel did not then argue that if that were so, the challenge would be improperly based on national origin, but instead contended that Jamaican origin was in effect a proxy for race, presumably due to the fact that the population of Jamaica is overwhelmingly black.  *See* App. 108 ("She's from Jamaica. . . . I think that's almost part of her race.").  The District Court evidently so understood the argument, noting that "I don't see it as a racial thing," and accepted the Government's reason as race-neutral, because "being from Jamaica, she may very well be familiar with the issues and the problems that confront people living there and coming to the United States."  App. 109–10.  The District Court later sustained a *Batson* challenge to the Government's strike of yet another black woman on the panel, leading the Government to withdraw that challenge.

To the extent that Barro continued to press the argument that the strike was based on race, a presiding judge's determination as to the adequacy of a proffered explanation of a challenge is essentially a factual finding that is entitled to "great deference."  *Hernandez v. New York*, 500 U.S. 352, 364 (1991).  We cannot

conclude that the trial court's finding that the challenge was not based on race was clearly erroneous.

To the extent that Barro now argues that the challenge was nonetheless unlawful discrimination based on national origin, we have previously noted that this Court has not yet decided "whether or when national origin discrimination is a cognizable group for *Batson* protection." *Rodriguez v. Shriver*, 392 F.3d 505, 511 n.9 (2d Cir. 2004). Even assuming *arguendo* that it is, it is not clear that a rationale such as that noted by the District Court here—that a venire member's familiarity with conditions in a particular country may be relevant to the case at hand—would constitute unlawful discrimination based on national origin, particularly where, as here, the Government's proffered additional bases for the peremptory strike were that the juror's "two kids live in Jamaica," and that she "ha[d] issues with memory" after "paus[ing] for a while and it seemed like she couldn't remember" "what her husband used to do." App. 106. Given the trial court's acceptance of the genuineness of the Government's proffered explanation and the great deference such a factual finding is to be accorded on appeal, *see Hernandez*, 500 U.S. at 353, we cannot say that the District Court clearly erred in

crediting this national-origin-neutral explanation, particularly where, as here, defense counsel did not press this basis below.

Accordingly, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


7